## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| Edward F. Maracich, Martha L. Weeks, and John C. Tanner, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Michael Eugene Spears, Michael Spears, P.A., Gedney M. Howe, III, Gedney M. Howe, III, P.A., Richard A. Harpootlian, Richard A. Harpootlian, P.A., A. Camden Lewis, and Lewis & Babock, LLP, <br><br> Defendants. | Civil Action No. 7:09-1651-HMH <br><br><br><br><br> **CLASS ACTION COMPLAINT FOR VIOLATION OF DRIVER'S PRIVACY PROTECTION ACT** |

Plaintiffs Edward F. Maracich, Martha L. Weeks, and John C. Tanner, individually and on behalf of all others similarly situated, bring this action for violation of the Driver's Privacy Protection Act (DPPA) 18 U.S.C. §§ 2721–2725 and allege as follows:

**JURISDICTION AND VENUE**

1.    This matter arises from the Defendants' unlawful acts in obtaining the Personal Information (as defined in 18 U.S.C. § 2725(3)) of Plaintiffs and the other Class Members from the South Carolina Department of Motor Vehicles ("SCDMV") under false pretenses, and then using the Personal Information for the statutorily prohibited purpose of mailing lawyer advertising and solicitation materials to Plaintiffs and other motor-vehicle owners within the Class.

1

2. This Court has jurisdiction over this action pursuant to 18 U.S.C. § 2724 and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as at least one Defendant resides in this District. Venue is proper in this Division pursuant to Local Civil Rule 3.01 DSC, as at least one natural Defendant resides in this Division and at least one organizational Defendant does business relating to the events or omissions alleged herein in this Division.

## PARTIES

4. Plaintiff Edward F. Maracich is an individual whose Personal Information was obtained by or on behalf of each of the Defendants for a purpose not permitted by the DPPA. Plaintiff Maracich also received the Defendants' advertising and solicitation materials, which were sent in violation of the DPPA. Plaintiff Maracich is a citizen and resident of Richland County, South Carolina. Plaintiff Maracich is a member and proposed representative of a class of individuals whose Personal Information was unlawfully obtained by or on behalf of each of the Defendants from the SCDMV and whose Personal Information was then used by the Defendants for the impermissible purpose of soliciting clients.

5. Plaintiff Martha L. Weeks is an individual whose Personal Information was obtained by or on behalf of each of the Defendants for a purpose not permitted by the DPPA. Plaintiff Weeks also received the Defendants' advertising and solicitation materials, which were sent in violation of the DPPA. Plaintiff Weeks is a citizen and resident of Greenwood County, South Carolina. Plaintiff Weeks is a member and proposed representative of a class of individuals whose Personal Information was unlawfully obtained by or on behalf of each of the

Defendants from the SCDMV and whose Personal Information was then used by the Defendants for the impermissible purpose of soliciting clients.

6. Plaintiff John C. Tanner is an individual whose Personal Information was obtained by or on behalf of each of the Defendants for a purpose not permitted by the DPPA. Plaintiff Tanner also received the Defendants' advertising and solicitation materials, which were sent in violation of the DPPA. Plaintiff Tanner is a citizen and resident of Lugoff, South Carolina. Plaintiff Tanner is a member and proposed representative of a class of individuals whose Personal Information was unlawfully obtained by or on behalf of each of the Defendants from the SCDMV and whose Personal Information was then used by the Defendants for the impermissible purpose of soliciting clients.

7. Upon information and belief, Defendant Michael Eugene Spears ("Defendant Spears") is a citizen and resident of Spartanburg County, South Carolina.

8. Upon information and belief, Defendant Michael E. Spears, P.A. is a professional association incorporated under the laws of South Carolina with its principal place of business in Spartanburg, South Carolina.

9. Upon information and belief, Defendant Gedney M. Howe, III ("Defendant Howe") is a citizen and resident of Charleston County, South Carolina. Defendant Howe practices law at various times in the Spartanburg Division of the South Carolina District Court.

10. Upon information and belief, Defendant Gedney M. Howe, III, P.A. is a professional association incorporated under the laws of South Carolina with its principal place of business in Charleston County, South Carolina.

11. Upon information and belief, Defendant Richard A. Harpootlian ("Defendant Harpootlian") is a citizen and resident of Richland County, South Carolina. Defendant

3

Harpootlian practices law at various times in the Spartanburg Division of the South Carolina District Court.

12. Upon information and belief, Defendant Richard A. Harpootlian, P.A. is a professional association incorporated under the laws of South Carolina with its principal place of business in Richland County, South Carolina.

13. Upon information and belief, Defendant A. Camden Lewis ("Defendant Lewis") is a citizen and resident of Richland County, South Carolina. Defendant Lewis practices law at various times in the Spartanburg Division of the South Carolina District Court.

14. Upon information and belief, Defendant Lewis & Babcock, LLP ("Defendant Lewis & Babcock") is a South Carolina licensed limited liability partnership with its principal place of business in Richland County, South Carolina.

## GENERAL ALLEGATIONS

15. The DPPA prohibits a state department of motor vehicles from disclosing Personal Information about any individual obtained by the department in connection with a motor vehicle record except for certain purposes enumerated in 18 U.S.C. § 2721(b). Personal Information is defined as "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information…" See 18 U.S.C. § 2725(3).

16. There are fourteen permissible purposes for disclosure of Personal Information set forth in the DPPA. Pursuant to 18 U.S.C. § 2721(b)(4), Personal Information may be disclosed "for use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service

4

of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court." Acquiring Personal Information from motor vehicle records for the purpose of finding and soliciting clients for a lawsuit is not permitted by 18 U.S.C. § 2721(b)(4). See Wemhoff v. District of Columbia, 887 A.2d 1004 (D.C. 2005).

17. The DPPA includes a separate provision concerning disclosure of Personal Information for solicitation or marketing. Pursuant to 18 U.S.C. § 2721(b)(12), Personal Information may be disclosed "for bulk distribution for surveys, marketing or solicitations if the State has obtained the express consent of the person to whom such personal information pertains." (Emphasis supplied.)

18. On or about June 23, 2006, Defendant Harpootlian, on behalf of all of the Defendants, sent a letter to the SCDMV FOIA Department. In this letter Defendant Harpootlian requested information concerning:

> Private purchases of new or used automobiles in Spartanburg County during the week of May 1-7, 2006, including the name, address, and telephone number of the buyer, dealership where purchased, type of vehicle purchased, and date of purchase.

Defendant Harpootlian represented to the SCDMV that this request for disclosure of Personal Information was being made for a use and purpose permitted by 18 U.S.C. § 2721(b)(4); however, the requested Personal Information was in fact being requested and was obtained for the purpose of solicitation, which is not permitted by 18 U.S.C. § 2721(b)(4). A copy of the letter dated June 23, 2006 is attached hereto as Exhibit A.

19. On or about August 24, 2006, Defendant Harpootlian, on behalf of all of the Defendants, sent a letter to the SCDMV FOIA Department. In this letter Defendant Harpootlian requested information concerning:

5

> Private purchases of new or used automobiles in Charleston County, Richland County, York County, Lexington County, and Greenville County during the week of May 1-7, 2006, including the name, address, and telephone number of the buyer, dealership where the vehicle was purchased, type of vehicle purchased, and the date of purchase.

Defendant Harpootlian represented to the SCDMV that this request for disclosure of Personal Information was being made for a use and purpose permitted by 18 U.S.C. § 2721(b)(4); however, the requested Personal Information was in fact being requested and was obtained for the purpose of solicitation, which is not permitted by 18 U.S.C. § 2721(b)(4). Defendant Harpootlian copied Defendant Lewis, Defendant Spears, and Brady Thomas, an attorney who practices with Defendant Lewis & Babcock, on the August 24, 2006 letter. A copy of the letter dated August 24, 2006 is attached hereto as <u>Exhibit B</u>.

20. On or about October 26, 2006, Defendant Harpootlian, on behalf of all of the Defendants, sent a letter to the SCDMV FOIA Department. In this letter Defendant Harpootlian requested information concerning:

> Private purchases of new or used automobiles during the weeks of May 1, 2006 through May 14, 2006, including the name, address, and telephone number of the buyer, the type of vehicle purchased and the date of the purchase for the following South Carolina dealerships…

and listed more than three hundred dealerships across South Carolina. Defendant Harpootlian represented to the SCDMV that this request for disclosure of Personal Information was being made for a use and purpose permitted by 18 U.S.C. § 2721(b)(4); however, the requested Personal Information was in fact being requested and was obtained for the purpose of solicitation, which is not permitted by 18 U.S.C. § 2721(b)(4). A copy of the letter dated October 26, 2006 is attached hereto as <u>Exhibit C</u>.

21. On or about January 19, 2007, Defendant Harpootlian, on behalf of all of the Defendants, sent a letter to the SCDMV FOIA Department. In this letter Defendant Harpootlian requested information concerning:

> Private purchases of new or used automobiles during the weeks of June 1, 2006 through September 2, 2006, including the name, address, and telephone number of the buyer, the type of vehicle purchased and the date of the purchase for the following South Carolina dealerships…

and listed twenty-four dealerships. Defendant Harpootlian represented to the SCDMV that this request for disclosure of Personal Information was being made for a use and purpose permitted by 18 U.S.C. § 2721(b)(4); however, the requested Personal Information was in fact being requested and was obtained for the purpose of solicitation, which is not permitted by 18 U.S.C. § 2721(b)(4). Defendant Harpootlian copied Defendant Lewis, Defendant Spears, Defendant Howe, and Brady Thomas of Defendant Lewis & Babcock on the January 19, 2007 letter. A copy of the letter dated January 19, 2007 is attached hereto as <u>Exhibit D</u>.

22. On or about January 22, 2007, Defendant Harpootlian, on behalf of all of the Defendants, sent a letter to the SCDMV FOIA Department. In this letter Defendant Harpootlian requested information concerning:

> Private purchases of new or used automobiles during the weeks of June 1, 2006 through September 2, 2006, including the name, address, and telephone number of the buyer, the type of vehicle purchased and the date of the purchase for the following South Carolina dealerships…

and listed seven dealerships. Defendant Harpootlian represented to the SCDMV that this request for disclosure of Personal Information was being made for a use and purpose permitted by 18 U.S.C. § 2721(b)(4); however, the requested Personal Information was in fact being requested and was obtained for the purpose of solicitation, which is not permitted by 18 U.S.C. § 2721(b)(4). Defendant Harpootlian copied Defendant Lewis, Defendant Spears, Defendant

Howe, and Brady Thomas of Defendant Lewis & Babcock on the January 22, 2007 letter. A copy of the letter dated January 22, 2007 is attached hereto as Exhibit E.

23.     On or about January 23, 2007, Defendant Harpootlian, on behalf of all of the Defendants, sent a letter to the SCDMV FOIA Department. In this letter Defendant Harpootlian requested information concerning:

> Private purchases of new or used automobiles during the weeks of September 1, 2005 through September 14, 2005 and December 10, 2005 through December 24, 2005, including the name, address, and telephone number of the buyer, the name of the South Carolina dealership which the new or used automobile was purchased, and the date of the purchase.

Defendant Harpootlian represented to the SCDMV that this request for disclosure of Personal Information was being made for a use and purpose permitted by 18 U.S.C. § 2721(b)(4); however, the requested Personal Information was in fact being requested and was obtained for the purpose of solicitation, which is not permitted by 18 U.S.C. § 2721(b)(4). A copy of the letter dated January 23, 2007 is attached hereto as Exhibit F.

24.     On or about January 4, 2007, the Defendants mailed solicitation letters to individuals whose Personal Information was obtained from the SCDMV pursuant to the FOIA letters sent by Defendant Harpootlian. In these letters, the Defendants solicited clients for a lawsuit against certain dealerships, and offered a free consultation to all recipients. A representative copy of the letters sent on January 4, 2007 was filed with the Office of the Disciplinary Counsel of the Supreme Court of South Carolina by Brady Thomas of Defendant Lewis & Babcock on or about January 9, 2007. The representative copy filed with the Office of the Disciplinary Counsel was signed by Defendant Lewis. A copy of the letter filed with the Office of the Disciplinary Counsel is attached hereto as Exhibit G.

25. On or about January 23, 2007, the Defendants mailed solicitation letters to individuals whose Personal Information was obtained from the SCDMV pursuant to the FOIA letters sent by Defendant Harpootlian. In these letters, the Defendants solicited clients for a lawsuit against certain dealerships, and offered a free consultation to all recipients. Some, if not all, of the solicitation letters sent on or about January 23, 2007 were signed by Defendant Lewis. A representative copy of the solicitation letter dated January 23, 2007 is attached hereto as Exhibit H.

26. On or about March 1, 2007, the Defendants mailed solicitation letters to individuals whose Personal Information was obtained from the SCDMV pursuant to the FOIA letters sent by Defendant Harpootlian. In these letters, the Defendants solicited clients for a lawsuit against certain dealerships, and offered a free consultation to all recipients. A representative copy of the letters sent on March 1, 2007 was filed with the Office of the Disciplinary Counsel of the Supreme Court of South Carolina by Defendants. The representative copy filed with the Office of the Disciplinary Counsel was signed by Defendant Lewis. A copy of the March 1, 2007 solicitation letter filed with the Office of the Disciplinary Counsel is attached hereto as Exhibit I.

27. On or about March 5, 2007, the Defendants mailed solicitation letters to individuals whose Personal Information was obtained from the SCDMV pursuant to the FOIA letters sent by Defendant Harpootlian. In these letters, the Defendants solicited clients for a lawsuit against certain dealerships, and offered a free consultation to all recipients. A representative copy of the letters sent on March 5, 2007 was filed with the Office of the Disciplinary Counsel of the Supreme Court of South Carolina by Defendants. The representative copy filed with the Office of the Disciplinary Counsel was signed by Defendant Lewis. A copy

of the March 5, 2007 solicitation letter filed with the Office of the Disciplinary Counsel is attached hereto as Exhibit J.

28. On or about May 8, 2007, the Defendants mailed solicitation letters to individuals whose Personal Information was obtained from the SCDMV pursuant to the FOIA letters sent by Defendant Harpootlian. In these letters, the Defendants solicited clients for a lawsuit against certain dealerships, and offered a free consultation to all recipients. Some, if not all, of the solicitation letters sent on or about May 8, 2007 were signed by Defendant Harpootlian. A representative copy of the solicitation letter dated May 8, 2007 is attached hereto as Exhibit K.

29. Defendants did not limit, and made no attempt to limit, their requests for or use of protected Personal Information to instances in which an individual had given express consent for the disclosure of their Personal Information for the purpose of solicitation as required by the DPPA, but instead obtained and made use of the Personal Information to identify and send letters to individuals who had not consented to such disclosure for solicitation.

30. Plaintiff Maracich was among the individuals whose Personal Information was knowingly obtained from the SCDMV for the purpose of solicitation, in violation of the DPPA. Plaintiff Maracich's Personal Information was also impermissibly used for the purpose of solicitation, and he received the March 1, 2007 mailed advertising and solicitation material from the Defendants. Plaintiff Maracich did not consent to the disclosure of his Personal Information for the purpose of solicitation.

31. Likewise, Plaintiffs Weeks and Tanner were among the individuals whose Personal Information was knowingly obtained from the SCDMV for the purpose of solicitation, in violation of the DPPA. The Personal Information of Plaintiffs Weeks and Tanner was also impermissibly used for the purpose of solicitation, and they received mailed advertising and

solicitation material from the Defendants.  Plaintiffs Weeks and Tanner did not consent to the disclosure of their Personal Information for the purpose of solicitation.

32.     On March 7, 2007, prior to the final solicitation cited herein, undersigned counsel sent a letter to Defendant Lewis advising that the Defendants' actions in obtaining Personal Information from the SCDMV and using that Personal Information to solicit clients violated state law.  A copy of counsel's letter to Defendant Lewis is attached hereto as <u>Exhibit L</u>.  Defendant Lewis responded by letter incorrectly dated February 16, 2007 denying that the Defendants' actions violated state law.  A copy of Defendant Lewis' response is attached hereto as <u>Exhibit M</u>.  As noted above, shortly thereafter, Defendants sent another solicitation letter dated May 8, 2007 in violation of the DPPA.

33.     As described above, on several occasions since June 23, 2006, Defendants have knowingly, willfully and recklessly obtained the Personal Information of Plaintiffs and the other Class Members from the SCDMV, disclosed it to other persons, and/or used it for the improper purpose of mailing lawyer advertising and solicitation materials to Plaintiffs and other motor-vehicle owners within the Class.  Each act of obtaining, disclosing, and/or using such Personal Information constitutes a separate violation of the DPPA by Defendants.

## **CLASS ACTION ALLEGATIONS**

34.     Plaintiffs bring this action as a Class Action pursuant to Rule 23(a), (b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.  Beginning on or about June 23, 2006, each Defendant knowingly obtained, used, or disclosed Personal Information of Plaintiffs and the Class Members for purposes not permitted by the DPPA.

35.     The Class or Class Members consist of:

All persons whose Personal Information was knowingly obtained by Defendants, disclosed to other persons by Defendants, and/or used for mailing the advertising

and solicitation materials described above from June 23, 2006 through Final Judgment.

All persons who consented to disclosure of their Personal Information for the purpose of solicitation are excluded from the Class definition.

36. The numerous requirements of Rule 23(a)(1) are satisfied in that there are too many Class Members for joinder of all of them to be practicable. Upon information and belief, Defendants obtained the Personal Information of approximately 10,000 individual motor-vehicle owners and mailed them the advertising and solicitation materials referred to above. In addition to the individual motor-vehicle owners, the Class also includes every person whose Personal Information appears on the records obtained by from the SCDMV by Defendants, including but not limited to spouses, children, and other residents of the motor-vehicle owners' homes. See Margan v. Niles, 250 F. Supp. 2d 63 (N.D. N.Y. 2003).

37. The claims of the Class Members raise numerous common issues of law and fact, thereby satisfying the commonality requirements of Rule 23(a)(2). The principal question is whether the Defendants' conduct in knowingly obtaining, disclosing, or using Personal Information contained in motor vehicle records was prohibited by, and therefore violated, the DPPA. The interests of Plaintiffs are coextensive with the Class Members on the question of the Defendants' liability pursuant to 18 U.S.C. § 2724 concerning violations of the DPPA.

38. The claims of the Plaintiffs are typical of the claims of each Class Member, which arise from the same operative facts and are based upon the same legal grounds. The particular facts and circumstances that show that the Plaintiffs' claims are typical of the claims of each Class Member are that between June 23, 2006 to the present, the Plaintiffs' Personal Information was contained in motor vehicle records. This information has been knowingly obtained, disclosed, and/or used by Defendants without the consent of the Plaintiffs for purposes not

permitted by the DPPA. Likewise, during the same time period, each Class Member's Personal Information was knowingly obtained, disclosed, and/or used by Defendants without the consent of the Class Members for purposes not permitted by the DPPA. The requirement of typicality found in Rule 23(a)(3) is satisfied because proof of the elements of the Plaintiffs' claims will demonstrate the Defendants' liability to all Class Members.

39.     The Plaintiffs will fairly and adequately protect the interests of the Class and of each Class Member. They are committed to vigorously pursuing this matter on behalf of the Class. Their interests are aligned with the interests of the Class Members, with whom they share a common right of recovery based upon the same essential facts. There are no defenses of a unique nature that may be asserted against the Plaintiffs individually, as distinguished from the other members of the Class, and the relief sought is common to the Class. The Plaintiffs do not have any interests that are in conflict with or are antagonistic to the interests of the Class Members. The Plaintiffs have retained attorneys competent and experienced in class action and complex civil litigation to represent them and the Class in this litigation. The requirements of Rule 23(a)(4) are therefore satisfied.

40.     The Plaintiffs' claims are maintainable on behalf of the Class under Rule 23(b)(1) because inconsistent or varying adjudications with respect to individual Class Members would establish incompatible standards of conduct for the Defendants. This action asks this Court to hold that the Defendants' actions in obtaining, disclosing and/or using the Personal Information of Class Members for the purpose of solicitation violated the DPPA and to enjoin Defendants from taking such actions in the future. If other courts were to hold that these actions did not violate the DPPA, the Defendants would be faced with incompatible standards of conduct with respect to future acts concerning the Personal Information of Class Members.

41. The Plaintiffs' claims are maintainable on behalf of the Class under Rule 23(b)(2) because the Defendants' actions affected all Class Members in the same manner, making appropriate final declaratory and injunctive relief with respect to the Class as a whole. For example, Plaintiffs seek with respect to the Class as a whole a declaration that Defendants' actions in obtaining, disclosing, and/or using the Personal Information of Class Members for the purpose of solicitation violated the DPPA. Furthermore, injunctive relief is necessary to prevent further improper use of the Class Members' Personal Information and to prevent other individuals whose Personal Information is or may later be found within a motor vehicle record from becoming victims of Defendants' unlawful acts.

42. The Plaintiffs' claims are maintainable on behalf of the Class under Rule 23(b)(3) because the common factual and legal issues in this case are sufficiently cohesive to warrant adjudication by representation. In particular, the Plaintiffs and Class Members have suffered a common cause of injury in the Defendants' obtaining, disclosing and/or using the Class Members' Personal Information in violation of the DPPA. Questions of law or fact common to the Plaintiffs' claims and the claim of each Class Member predominate over any question of law or fact affecting individual Class Members.

43. The Plaintiffs' claims are further maintainable on behalf of the Class under Rule 23(b)(3) because a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual litigation of the claims of all Class Members is economically unfeasible and procedurally impracticable. The assertion of separate individual claims is impractical and cost-prohibitive not only for the individual claimant, but for the Defendants and the court system itself, which would be burdened by individual claims filed by each Class Member. Additionally, individual litigation would also present the potential for

varying, inconsistent or contradictory judgments while magnifying the delay and expense to all parties and to the court system, thus resulting in multiple trials of the same legal issue and creating the possibility of repetitious litigation. As a result, the desirability to concentrate litigation in this forum is significant. The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is remote because the amount of liquidated damages provided by the DPPA is set at $2,500 per violation and it is unlikely that any Class Member's actual damages will exceed the statutory amount. Maintaining this action as a class action in this forum is desirable as it will permit the claims of the Plaintiffs and the Class Members to be adjudicated efficiently, based upon a common right of recovery arising from the same set of facts. Management of this class action is likely to present significantly fewer difficulties than those presented in other class actions. Upon information and belief, no other putative Class Member has filed an individual action or putative class action against Defendants for the claims set forth in this Complaint.

## COUNT I

44. The allegations contained in paragraphs 1 through 43 of this Complaint are incorporated by reference as if fully set forth herein.

45. On multiple occasions beginning on or about June 23, 2006, Defendants, through Defendant Harpootlian, have knowingly, willfully and/or recklessly obtained the Personal Information of the Plaintiffs and the other Class Members from the SCDMV for the improper purpose of mailing lawyer advertising and solicitation materials.

46. On multiple occasions after June 23, 2006, Defendants have knowingly, willfully and recklessly disclosed and/or used the Personal Information of the Plaintiffs and the other

Class Members for the improper purpose of mailing lawyer advertising and solicitation materials to the Plaintiffs and other Class Members.

47. The Plaintiffs and the other Class Members did not expressly consent to the use of their Personal Information for the purpose of solicitation.

48. Each act of obtaining, disclosing and/or using the Personal Information of the Plaintiffs and the other Class Members for the improper purpose of solicitation of clients constitutes a separate violation of the DPPA by Defendants.

49. Pursuant to 18 U.S.C. § 2724, the Defendants are liable to the Plaintiffs and the Class Members for knowingly obtaining, disclosing and/or using the Personal Information for impermissible purposes for their actual damages, or liquidated damages of $2,500 per violation, per person, whichever is greater; and reasonable attorneys' fees and other litigation costs reasonably incurred.

50. Pursuant to 18 U.S.C. § 2724(b)(2), this Court should award punitive damages because Defendants acted with willful and/or reckless disregard for the law.

51. Pursuant to 18 U.S.C. § 2724, this Court should enter a judgment permanently enjoining and restraining the Defendants from further violating the DPPA and requiring the Defendants to cease and desist from obtaining, disclosing or using Personal Information from motor vehicle records for purposes not permitted by the DPPA.

## COUNT II

52. The allegations contained in paragraphs 1 through 50 of this Complaint are incorporated by reference as if fully set forth herein.

53. The DPPA imposes an obligation upon all individuals who obtain Personal Information from a state department of motor vehicles to do so only for the specified purposes

set forth in the statute. The DPPA further imposes an obligation upon individuals who use Personal Information obtained from a state department of motor vehicles to do so only for the specified purposes set forth in the statute.

54. The Defendants are subject to the obligations and restrictions imposed by the DPPA. The Defendants owed a duty to Plaintiffs and other Class Members to comply with the provisions of the DPPA in obtaining, disclosing, and/or using their Personal Information.

55. The Defendants negligently, willfully and/or recklessly breached this duty by their actions in obtaining, disclosing, and/or using the Personal Information of Plaintiffs and the other Class Members for purposes not permitted by the DPPA.

56. These actions of negligent, willful and/or reckless misconduct by Defendants were a direct and proximate cause of the damages sustained by the Plaintiffs and other Class Members by the unlawful obtaining, disclosure, and/or use of their Personal Information and resulting violation of their privacy.

## COUNT III

57. The allegations contained in paragraphs 1 through 55 of this Complaint are incorporated by reference as if fully set forth herein.

58. The Defendants, acting individually, each as an agent for the others, and/or by and through other authorized agents or employees, did knowingly violate the DPPA in obtaining, disclosing, and/or using the Personal Information of Plaintiffs and other Class Members for purposes not permitted by the DPPA.

59. Under the doctrine of *respondeat superior*, each Defendant is liable for the unlawful acts of each other Defendant in their violations of the DPPA.

## **COUNT IV**

60.  The allegations contained in paragraphs 1 through 58 of this Complaint are incorporated by reference as if fully set forth herein.

61.  The Defendants acted in concert and for a common purpose for monetary gain as joint venture partners with an agreement to share the profits, if any, of their unlawful acts, and therefore are jointly and severally liable to Plaintiffs and the other Class Members for the damages awarded by this Court.

WHEREFORE, Plaintiffs, individually and on behalf of the Class Members, pray for judgment against Defendants, jointly and severally, as follows:

(a) That proper process issue and be served upon Defendants, and that they be required to appear and answer this Complaint within the time required by law;

(b) That the Court issue an Order certifying that this action may be maintained as a class action, appointing the Plaintiffs and their counsel to represent the Class, and directing that reasonable notice of this action be given to all Class Members;

(c) That the Court declare that the acts of the Defendants in obtaining, disclosing, and/or using the Personal Information of Plaintiffs and the Class Members for the purpose of solicitation of clients violated the DPPA;

(d) That the Court award the Plaintiffs and each Class Member liquidated damages in the amount of $2,500 for each instance of Defendants' obtaining, disclosing, and/or using their respective Personal Information;

(e) That the Court award the Plaintiffs and each Class Member compensatory damages in an amount sufficient to compensate them in accordance with law for the injuries caused by the Defendants;

(f) That the Court award the Plaintiffs and each Class Member punitive damages in an amount sufficient to punish the Defendants for their misconduct and to deter the Defendants and others from similar misconduct in the future;

(g) That the Court enter a judgment permanently enjoining and restraining the Defendants from further violating the DPPA and requiring the Defendants to cease and desist from obtaining, disclosing or using Personal Information from motor vehicle records for purposes not permitted by the DPPA;

(h) That the Court award the Plaintiffs and the Class Members their reasonable attorneys' fees and other litigation costs;

(i) That the Court award the Plaintiffs and each Class Member pre-judgment and post-judgment interest;

(j) That the Court award such other preliminary and equitable relief as the Court determines to be appropriate; and

(k) That the Court grant such further and other general relief to which the Plaintiffs and the Class members may be entitled.

                              Respectfully submitted,

June 22, 2009                        s/ J. Gregory Studemeyer
                                        J. Gregory Studemeyer, Esq. ID 4368
                                        1804 Bull Street
                                        P.O. Box 12201
                                        Columbia, South Carolina 29211-2201
                                        (803) 779-3363 (phone)
                                        (803) 779-3364 (fax)
                                        gesquire@sc.rr.com