IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Edward F. Maracich, Martha L. Weeks, and John C. Tanner, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 7:09-1651-HMH |
| vs. | ) ) | **OPINION & ORDER** |
| Michael Eugene Spears, Michael Spears, P.A., Gedney M. Howe, III, Gedney M. Howe, III, P.A., Richard A. Harpootlian, Richard A. Harpootlian, P.A., A. Camden Lewis, and Lewis & Babcock, LLP, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Defendants' motion is denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiffs in this putative class action allege that the Defendants violated the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, by unlawfully obtaining personal information pursuant to the Freedom of Information Act ("FOIA") from the South Carolina Department of Motor Vehicles ("SCDMV") "for the impermissible purpose of soliciting clients." (Compl. ¶ 5.)

According to the complaint, Defendant Richard A. Harpootlian ("Harpootlian") sent several FOIA requests to the SCDMV requesting information regarding individuals who

1

purchased automobiles during specific periods of time "including the name, address, and telephone number of the buyer, dealership where the vehicle was purchased, type of vehicle purchased, and the date of purchase." (Id. ¶ 19.) In total, Harpootlian sent six FOIA requests to the SCDMV from June 23, 2006 to January 23, 2007. Each FOIA request indicated that the request for personal information was permitted by the DPPA set forth in 18 U.S.C. § 2721(b)(4). The SCDMV provided the requested information.

In a January 4, 2007 letter, mailed to "individuals whose Personal Information was obtained from the SCDMV pursuant to the FOIA letters sent by Defendant Harpootlian," the Defendants "solicited clients for a lawsuit against certain dealerships, and offered a free consultation to all recipients." (Id. ¶ 24.) In addition, the Defendants sent additional letters on January 23, 2007, March 1, 2007, March 5, 2007, and May 8, 2007 "to individuals whose Personal Information was obtained from the SCDMV pursuant to the FOIA letters sent by Defendant Harpootlian." (Id. ¶¶ 25-28.) The Plaintiffs submit that in these letters the Defendants "solicited clients for a lawsuit against certain dealerships, and offered a free consultation to all recipients." (Id.) The letters stated in pertinent part:

> We represent a group of consumers in a pending lawsuit arising from South Carolina car dealerships charging an add-on, often referred to as an "administrative fee," a "recording and processing fee," "closing fee," or "dealer documentation and closing fee." We believe that these fees are being charged in violation of South Carolina law.
>
> We understand that you may have been charged one of these fees on your recent purchase of an automobile . . . .
>
> [W]e would like the opportunity [to] discuss your rights and options with you in a free consultation. If you are interested in participating in the case or in a free consultation, please mail the enclosed postage paid card.

2

(Compl., Exs. G-K.) In addition, the words **"ADVERTISING MATERIAL"** and statements required by South Carolina Rule of Professional Conduct 7.3(d)(1)-(3) & (g) were included in the letters. (Id.) In compliance with Rule 7.3.23, copies of the letters and the mailing lists were filed with the Office of Disciplinary Counsel. (Id.) The Defendants allege that "[t]hough the Defendant Attorneys complied with Rule 7.3, no such compliance was necessary. Rule 7.3 does not apply to communications with 'persons with whom the sender has a[n] existing professional relationship.'" (Defs. Mem. Supp. Mot. Dismiss 19, quoting SCRPC 7.3(c) & (d)(1).) The Plaintiffs assert that they received a letter from the Defendants and allege that their personal information and the personal information of "other motor vehicle owners within the Class" was obtained without their consent for the purpose of solicitation in violation of the DPPA. (Compl. ¶¶ 30, 31, 33.) The Defendants allege that the information was obtained in connection with pending litigation in state court, Herron v. Dick Dyer & Associates, Inc., et al., Civil Action No. 2006-CP-02-1230, ("Herron litigation"), in which the Defendants "represent a group of aggrieved car buyers . . . who have claims against car dealers . . . for charging unfair and deceptive closing fees in violation of South Carolina laws." (Defs. Mem. Supp. Mot. Dismiss 10.)

The Plaintiffs filed the instant action against the Defendants on June 23, 2009. The Defendants filed the instant motion to dismiss on August 3, 2009, alleging that the Defendants obtained the personal information for a permissible purpose contained in 18 U.S.C. § 2721(b). The Plaintiffs filed a response in opposition on August 21, 2009, and the Defendants replied on August 31, 2009.

3

## II. Discussion of the Law

### A. Federal Rule of Civil Procedure Rule 12(b)(6)

In federal court, a claimant must make only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citation omitted). In addition, the court must accept as true factual allegations in the complaint. However, this tenet is "inapplicable to legal conclusions." Id. When deciding a Rule 12(b)(6) motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine . . . , in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). "Only indisputable facts are susceptible to judicial notice." Nolte v. Capital One Financial Corp., 390 F.3d 311, 317 n.1 (4th Cir. 2004) (finding that "[a]lthough the filing of an SEC complaint against Willey is indisputable, the facts alleged therein are not").

The court takes judicial notice of the pendency of the Herron litigation in state court and the Defendants' representation of the plaintiffs in the Herron litigation. However, the court declines to take judicial notice of the exhibits attached to the Defendants' motion in this case, which largely consist of pleadings and transcripts in the Herron litigation. The Defendants do not allege that they are entitled to dismissal of this action based on res judicata in a prior judicial proceeding. See Q Intern. Courier Inc. v. Smoak, 441 F.3d 214, 216 (4th Cir. 2006) (finding that a "court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact"). The facts in the Herron litigation remain in dispute. Therefore, the court cannot take judicial notice of the contents of those documents.

## B.  Analysis

The Defendants argue that the case should be dismissed under Rule 12(b)(6) for the following reasons: (1) the personal information was obtained for the permissible purpose provided in 18 U.S.C. § 2721(b)(4) (hereinafter "litigation exception"); (2) the personal information was obtained for the permissible purpose provided in § 2721(b)(1) (hereinafter "state actor exception"); (3) Plaintiffs Tanner and Weeks have failed to plead that they received a letter from the Defendants; (4) the Plaintiffs have failed to allege that the Defendants "knowingly violated the DPPA"; (5) the Plaintiffs have failed to plead any actual damages; and (6) "if the DPPA were interpreted to support the Plaintiffs' allegations, the DPPA would be unconstitutional as applied to this situation." (Defs. Mem. Supp. Mot. Dismiss, generally.) The court will address each argument below.

1. Permissible Use – Litigation Exception

Section 2721 permits a state department of motor vehicles ("DMV") to disclose protected personal information[1] for several "permissible uses" listed in § 2721(b). The Defendants allege that there is no violation of the DPPA because they obtained the personal information for the permissible use identified in § 2721(b)(4), which provides that a state DMV may disclose personal information:

> For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

18 U.S.C. § 2721(b)(4). Section 2722 provides that it is "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b)" and "unlawful for any person to make false representation to obtain any personal information from an individual's motor vehicle record."

The Defendants submit that they "[o]btained, [d]isclosed and [u]sed the DMV Data for the [p]ermissible [p]urpose of [u]se in [c]onnection with [l]itigation [p]ursuant to Section 2721(b)(4)." (Defs. Mem. Supp. Mot. Dismiss 10.) Specifically, the Defendants submit that the information was obtained in connection with the Herron litigation in state court. (Id. 10.) The Defendants allege that

---

[1] "'[P]ersonal information' means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3).

6

> [t]he Complaint does not contain any well-pleaded, nonconclusory factual allegations that plausibly give rise to liability under the DPPA. In addition, the allegations in the Complaint are directly contradicted by public records and the documents Plaintiffs attached to their Complaint. Put simply, the Defendant Attorneys obtained information from the South Carolina DMV for use in connection with the pending Herron litigation. That is perfectly legal—and certainly not actionable—under the DPPA, which allows personal information to be obtained "[f]or use in connection with any civil . . . proceeding in any . . . court."

(Id. 12.)

The court has considered all the evidence properly before this court on a Rule 12(b)(6) motion to dismiss and finds that the Plaintiffs have satisfied their burden to plead a facially plausible claim for relief that the Defendants obtained personal information from the SCDMV without a permissible use in violation of the DPPA. The Defendants sent several FOIA requests seeking the information for the permissible use set forth in § 2721(b)(4). "[A]cquiring personal information from motor vehicle records for the purpose of finding and soliciting clients for a lawsuit is not a 'permissible use' within the meaning of § 2721(b)." Wemhoff v. District of Columbia, 887 A.2d 1004, 1012 (D.C. Ct. App. 2005); see also Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, and Stevens, P.A., 525 F.3d 1107, 1114-15 (11th Cir. 2008) (affirming district court's grant of summary judgment to defendant law firm because it obtained the personal information for the permissible purpose of investigation in anticipation of litigation where "the automobile dealers he was litigating against were asserting that plaintiffs needed to plead and prove multiple acts of deceptive and unfair trade practices to state a deceptive and unfair trade practice claim under Florida law" and "the information was used to send

7

one-thousand 'Custom and Practice' letters, which aimed at obtaining evidence showing a custom and practice of deceptive acts engaged in by dealerships").[2]

The Plaintiffs allege that the Defendants used the personal information obtained to send solicitation letters to the Plaintiffs and others to obtain clients for participation in the Herron litigation. Further, the Plaintiffs allege that the Defendants did not have written consent to send the solicitation letters as required by 8 U.S.C. § 2721(b)(12), which allows disclosure of personal information "for bulk distribution for surveys, marketing or solicitations if the State has obtained the express consent of the person to whom such personal information pertains." (Compl. ¶ 17.) The Plaintiffs attached to the complaint a copy of one such letter which is labeled "**ADVERTISING MATERIAL**" and informed the recipient that they were likely charged an illegal administrative fee in connection with a recent car purchase and the Defendants "represent a group of consumers in a pending lawsuit arising from South Carolina car dealerships charging" an improper fee. (Id. Exs. G-K.) The Defendants offered a free consultation and notified the recipients of their right to obtain counsel of their choice.

The allegations in the complaint sufficiently allege that the Defendants obtained personal information for an improper purpose. Further, the Defendants' argument that they were not soliciting clients because they had an attorney-client relationship with all of the individuals that were sent letters is a disputed factual issue. (Defs. Mem. Supp. Mot. Dismiss 29.) In fact, the Defendants concede that "Defendant Attorneys did not have an express attorney-client

---

[2] The Defendants submit additional exhibits related to the proceedings in the Thomas case at the district court and appellate level including copies of the Appellant's initial brief and a marking letter sent to individuals. The court cannot take judicial notice of these documents. Further, the court notes that the district court decided Thomas on a motion for summary judgment, not a motion to dismiss as in the instant matter.

8

relationship with the unnamed Car Buyers." (Id. 30.) After consideration of the evidence that is properly before this court in deciding a Rule 12(b)(6) motion, the factual allegations in the complaint are sufficient to satisfy the low bar for pleading a claim for relief.

    2.     Permissible Use – State Action Exception

The Defendants allege that the personal information obtained from the SCDMV did not violate the DPPA because it allows the disclosure of protected information "[f]or use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions." § 2721(b)(1). The Defendants allege that they are acting "as private attorneys general in lieu of the Attorney General of the State of South Carolina" because they are litigating the case "for the benefit of the whole." (Defs. Mem. Supp. Mot. Dismiss 40.) The FOIA requests sent to the SCDMV requesting the personal information indicate that the permissible use is the litigation exception in § 2721(b)(4), not the state action exception. The Defendants are not agents of the government. Notably, the Defendants have not alleged that they have provided any information to any government agency. Further, as set forth above, the Plaintiffs have plausibly pled a claim that the Defendants obtained the personal information in violation of the DPPA. Based on the foregoing, the Defendants' motion to dismiss on this ground is denied.

    3.     Plaintiffs Tanner and Weeks Have Failed to Plead That They Received a Letter From the Defendants

The Defendants contend that Plaintiffs Tanner and Weeks fail to identify which of the five letters they received. This argument is without merit. The complaint states that the

Plaintiffs "received the Defendants' advertising and solicitation materials, which were sent in violation of the DPPA." (Compl. ¶¶ 4-6.) This is sufficient to survive a Rule 12(b)(6) motion to dismiss.

4. Knowing Violation of the DPPA

The Defendants maintain that the Plaintiffs have failed to allege that the Defendants "knowingly violated the DPPA." (Defs. Mem. Supp. Mot. Dismiss 51.) This argument is without merit. 18 U.S.C. § 2724(a) provides that

> [a] person who *knowingly* obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.

(Emphasis added.)

> [T]o be eligible to recover under the DPPA, a plaintiff must prove that (1) the defendant knowingly obtained, disclosed, or used personal information from her motor vehicle records; and (2) the purpose of such obtaining, disclosure, or use was not permissible. The plaintiff need not show that the defendant knew that the obtaining, disclosure, or use was impermissible.

Pichler v. UNITE, 228 F.R.D. 230, 242 (E.D. Pa. 2005). On appeal, in Pichler, the Third Circuit considered whether liability under the DPPA requires that a defendant "*knowingly* obtain or disclose personal information for a use the defendant *knows* is impermissible." 542 F.3d at 396. The Third Circuit held that this argument was "patently without merit" because § 2724(a) creates civil liability for violating those acts or omissions, but does not premise civil liability on knowing violations. Id. at 396-97. The court further held that "Congress differentiated between a knowing acquisition, disclosure, or use to establish civil liability, and any knowing violation to establish liability for a criminal fine." Id. at 397. The court agrees that § 2724(a) does not

10

require that the Defendants knowingly violated the DPPA. Therefore, the Defendants' argument that the Plaintiffs' complaint must be dismissed for failure to plead that the Defendants knowingly violated the DPPA fails.

    5.    Actual Damages

The Defendants allege that the complaint must be dismissed because the Plaintiffs have failed to plead any actual damages. 18 U.S.C. § 2724(b) provides that "[t]he court may award–[for a DPPA violation] (1) actual damages, but not less than liquidated damages in the amount of $2,500." The Third Circuit interpreted § 2724(b) in Pichler and held that "'a plaintiff need not prove actual damages to recover liquidated damages'" under the DPPA. Pichler, 542 F.3d at 398 (quoting Kehoe v. Fidelity Fed. Bank & Trust, 421 F.3d 1209 (11th Cir. 2005)). The Defendants submit that these decisions are contrary to the plain statutory language. The court disagrees and finds that a plaintiff is not required to prove actual damages in order to recover liquidated damages under § 2724(b) of the DPPA. Therefore, this argument fails.

    6.    Constitutionality of the DPPA

The Defendants argue that "if the DPPA were interpreted to support the Plaintiffs' allegations, the DPPA would be unconstitutional as applied to this situation. This case–and the underlying Herron litigation–involves South Carolina attorneys using South Carolina DMV information to investigate and prosecute cases in South Carolina state court." (Defs. Mem. Supp. Mot. Dismiss 58.) In sum, the Defendants allege that "the Commerce Clause does not allow for regulation of information in this exclusively state matter." (Id. 59.) In Reno v. Condon, 528 U.S. 141, 148 (2000), the United States Supreme Court held that the DPPA was a constitutional statutory scheme because the personal information "the DPPA regulates is a

thin[g] in interstate commerce, and that the sale or release of that information in interstate commerce is therefore a proper subject of congressional regulation." (Internal quotation marks omitted.) The Court found that

> [t]he motor vehicle information which the States have historically sold is used by insurers, manufacturers, direct marketers, and others engaged in interstate commerce to contact drivers with customized solicitations. The information is also used in the stream of interstate commerce by various public and private entities for matters related to interstate motoring. Because drivers' information is, in this context, an article of commerce, its sale or release into the interstate stream of business is sufficient to support congressional regulation.

Id. The Supreme Court has held that the DPPA is a constitutional statute that does not violate the Commerce Clause. The fact that under the evidence of this case, it may only concern South Carolina residents does not alter this conclusion. Based on the foregoing, this argument fails.

In sum, the Plaintiffs have adequately pled a claim for relief under the DPPA sufficient to survive a Rule 12(b)(6) motion to dismiss.[3]

Therefore, it is

**ORDERED** that the Defendants' motion to dismiss, docket number 36, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 8, 2009

---

[3] The Defendants also argue that the "Plaintiffs' claims are indicative of an improper purpose to manipulate the judicial system to serve his car dealer clients in Herron – not the persons whom he purports to represent" in the instant action. (Defs. Mem. Supp. Mot. Dismiss 60.) This argument is not proper for consideration in a Rule 12(b)(6) motion. If the Defendants are attempting to allege that the Plaintiffs' counsel is operating under a conflict of interest, they should file a motion to disqualify counsel.