IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Edward F. Maracich, Martha L. Weeks, and John C. Tanner, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 7:09-1651-HMH |
| vs. | ) ) | **OPINION & ORDER** |
| Michael Eugene Spears, Michael Spears, P.A., Gedney M. Howe, III, Gedney M. Howe, III, P.A., Richard A. Harpootlian, Richard A. Harpootlian, P.A., A. Camden Lewis, and Lewis & Babcock, LLP, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion to stay. For the reasons set forth below, the Defendants' motion is granted in part and denied in part.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiffs in this putative class action allege that the Defendants violated the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, by unlawfully obtaining personal information pursuant to the Freedom of Information Act ("FOIA") from the South Carolina Department of Motor Vehicles ("SCDMV") "for the impermissible purpose of soliciting clients." (Compl. ¶ 5.)

According to the complaint, Defendant Richard A. Harpootlian ("Harpootlian") sent several FOIA requests to the SCDMV requesting information regarding individuals who purchased automobiles during specific periods of time "including the name, address, and

1

telephone number of the buyer, dealership where the vehicle was purchased, type of vehicle purchased, and the date of purchase." (Id. ¶ 19.) In total, Harpootlian sent six FOIA requests to the SCDMV from June 23, 2006 to January 23, 2007. Each FOIA request indicated that the request for personal information was permitted by the DPPA set forth in 18 U.S.C. § 2721(b)(4). The SCDMV provided the requested information.

In a January 4, 2007 letter, mailed to "individuals whose Personal Information was obtained from the SCDMV pursuant to the FOIA letters sent by Defendant Harpootlian," the Defendants "solicited clients for a lawsuit against certain dealerships, and offered a free consultation to all recipients." (Id. ¶ 24.) In addition, the Defendants sent additional letters on January 23, 2007, March 1, 2007, March 5, 2007, and May 8, 2007, "to individuals whose Personal Information was obtained from the SCDMV pursuant to the FOIA letters sent by Defendant Harpootlian." (Id. ¶¶ 25-28.) The Plaintiffs submit that in these letters the Defendants "solicited clients for a lawsuit against certain dealerships, and offered a free consultation to all recipients." (Id.) The letters stated in pertinent part:

> We represent a group of consumers in a pending lawsuit arising from South Carolina car dealerships charging an add-on, often referred to as an "administrative fee," a "recording and processing fee," "closing fee," or "dealer documentation and closing fee." We believe that these fees are being charged in violation of South Carolina law.
>
> We understand that you may have been charged one of these fees on your recent purchase of an automobile . . . .
>
> [W]e would like the opportunity [to] discuss your rights and options with you in a free consultation. If you are interested in participating in the case or in a free consultation, please mail the enclosed postage paid card.

(Compl., Exs. G-K.)  In addition, the words **"ADVERTISING MATERIAL"** and statements required by South Carolina Rule of Professional Conduct 7.3(d)(1)-(3) & (g) were included in the letters.  (Id.)  In compliance with Rule 7.3.23, copies of the letters and the mailing lists were filed with the Office of Disciplinary Counsel.  (Id.)  The Plaintiffs assert that they received a letter from the Defendants and allege that their personal information and the personal information of "other motor vehicle owners within the Class" was obtained without their consent for the purpose of solicitation in violation of the DPPA.  (Id. ¶¶ 30, 31, 33.)

      The Defendants allege that the information was obtained in connection with pending litigation in state court, Herron v. Dick Dyer & Associates, Inc., et al., Civil Action No. 2006-CP-02-1230, ("Herron litigation"), in which "the Defendants represent a group of aggrieved purchasers of automobiles . . . who possess claims against automobile dealers . . . for charging unfair and deceptive closing fees in violation of South Carolina law."  (Defs. Mem. Supp. Mot. Stay 2.)  The Herron litigation is still in the discovery phase.  The Plaintiffs' counsel represents several of the Defendants in the Herron litigation.

      The Defendants filed the instant motion on January 11, 2010, alleging that this matter should be stayed because discovery in the instant action would require disclosure of attorney client privileged and work product information from the Herron litigation.  The Plaintiffs filed a response in opposition on January 13, 2010.  This matter is now ripe for adjudication.

## II. DISCUSSION OF THE LAW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which

3

must weigh competing interests and maintain an even balance." Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 880 n.6 (1998) (quoting Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936)).

The Defendants request that this case be stayed until the conclusion of the Herron litigation to avoid disclosure of privileged and work product information during the pendency of the Herron case. The issue in the instant case is whether the Defendants' actions were permissible under the DPPA. The Defendants argue that the information was obtained for the permissible use identified in 18 U.S.C. § 2721(b)(4), which provides that a state DMV may disclose personal information:

> For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

(Defs. Mem. Supp. Mot. Stay 6.) In addition, the Defendants submit that the information was also obtained for the permissible use set forth in § 2721(b)(1) because they were acting on behalf of the State as private attorneys general in prosecuting the Herron case for the benefit of the whole. (Id.) The Defendants request a stay arguing that a determination of whether the information was obtained for a permissible purpose will require disclosure of attorney client privileged and work product information in a pending state court case. (Id. 11.) In particular, the Defendants argue that the Plaintiffs will seek discovery regarding why they engaged in certain acts in connection with the Herron litigation and their subjective legal opinions. (Id. 11.) The Defendants allege that

> [t]he litigation of this lawsuit will certainly entail opinions and mental impressions concerning Herron that are confidential, privileged work product. Under the Court's initial disclosure and pretrial disclosure rules, Defendants would be forced

4

>to disclose privileged documents in order to adequately defend themselves. Such disclosure will cause harm to Defendants and the Car Buyers in the Herron litigation, because any disclosure of privileged work product generated in the Herron case will have to be made in this case while Herron is pending. Even the process of objecting to disclosure of privileged material and providing a privilege log will offer insight into these Defendants' thought processes. The harm will be magnified because Mr. Studemeyer, who represents certain of the Herron defendants, simultaneously represents the Plaintiffs in this case. In other words, discovery in this case will require Defendants to disclose privileged Herron work product to their opposing counsel in Herron.

(Id. 8.)

The Plaintiffs argue that there is no reason to stay the case because the outcome of the instant case is not dependant upon the outcome of the Herron litigation. Moreover, the Plaintiffs submit that

> most, if not all, of the discovery in this case can be narrowly tailored to prevent unwarranted intrusion into privileged or work product protected information or materials. In any event, issues regarding claims of privilege and work product can and should be addressed on a specific issue-by-issue basis as they arise in the course of discovery and not by putting the claims of the Plaintiffs in this case on hold in a queue behind related state court proceedings.

(Pls. Mem. Opp'n Mot. Stay 1.) In addition, the Plaintiffs argue that an indefinite stay will prejudice them because

> it will make it more likely that documents and evidence will be misplaced or lost, memories will fade, and witnesses will move or otherwise become unavailable. Plaintiffs' investigation has indicated that there are likely more than 36,000 class members. Statistically speaking, class members will move away, become difficult to serve with notice, or die while Defendants pursue the Herron litigation.

(Id. 4.)

The court has weighed the competing interests and finds that discovery in this case will raise numerous privilege issues with regard to the Herron litigation and disclosure of the information while discovery remains ongoing in the Herron litigation may prejudice the

5

Defendants in the Herron litigation. The court is cognizant of the Plaintiffs' concerns regarding an indefinite stay and finds that "an indefinite stay should not be granted. . . . The United States Supreme Court has stated that stay should be 'not immoderate in extent and not oppressive in its consequence.'" Ashworth v. Albers Medical, Inc., 229 F.R.D. 527, 532-33 (S.D. W. Va. 2005) (quoting Landis, 299 U.S. at 256). Limiting the duration of the stay addresses the Plaintiffs' concerns. Further, the court finds that the Plaintiffs will suffer no prejudice from a limited stay. Based on the foregoing, the court will stay this matter for a period of six months.

Therefore, it is

**ORDERED** that the Defendants' motion to stay, docket number 55, is granted in part and denied in part.

**IT IS SO ORDERED.**

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
January 25, 2010