UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Edward F. Maracich, Martha L. Weeks, and John C. Tanner, individually and on behalf of all others similarly situated, | ) ) ) ) ) | Civil Action No. 7:09-CV-1651 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES** |
| Michael Eugene Spears, Michael Spears, P.A., Gedney M. Howe, III, Gedney M. Howe, III, P.A., Richard A. Harpootlian, Richard A. Harpootlian, P.A., A. Camden Lewis, and Lewis & Babcock, LLP, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Attorneys' Fees, Expenses and Service Awards (Doc. No. 185), pursuant to 18 U.S.C. § 2724(b) and Section H of the Parties' Settlement Agreement (the "Settlement Agreement"). The Court has addressed the requested class representative service awards in its order granting final approval to the Settlement. This order addresses the issue of Plaintiffs' request for an award of reasonable attorneys' fees and expenses.

By their Settlement Agreement, the Parties agreed to what amounts to a high and low bracket on the fee award, but recognized that the award of attorneys' fees and costs remains a matter of this Court's discretion. The Parties stipulated in the Settlement Agreement that Defendants do not object to an award of fees and costs up to $2.6 million; that Plaintiffs would be free to seek an enhanced award of fees and costs in excess of that sum, but that Defendants would

be free to object to that request; and that, regardless of what fees the Court might award, Plaintiffs would not seek to collect fees and expenses in excess of the aggregate then-remaining limits of Defendants' insurance coverage after deduction for costs of defense through final approval of the Settlement.

The Judicial Settlement Conference in this case was conducted by Magistrate Judge David C. Keesler on March 26, 2015. Plaintiffs' counsel have spent additional hours working on this case since the settlement conference and are requesting that time be considered in setting the amount of fee to be awarded. Plaintiffs also seek enhancement of the fee award in this case by application of a multiplier. Defendants A. Camden Lewis and Lewis & Babcock, LLP, have objected to Plaintiffs' request for fees in excess of $2.6 million. The other Defendants either do not object or have taken no position with respect to this request.

Notwithstanding the objection of Defendants A. Camden Lewis and Lewis & Babcock, LLP, the Court finds that the hours and rates Plaintiffs' counsel propose be used to calculate the Lodestar in this case are reasonable and fully supported by the proof in the record. The Court further finds that this is an appropriate case for an enhancement of the Lodestar. As stipulated in the Settlement Agreement, and as the Court independently finds, Plaintiffs' counsel have achieved an extraordinary result in this case: reversal of the Fourth Circuit by the United States Supreme Court and establishment of precedent that protects the confidential information and privacy rights of millions of people who register motor vehicles. This was an unpopular cause—at least in certain legal circles—that other counsel declined to undertake. And Plaintiffs' counsel persisted in the prosecution of this case, devoting thousands of hours to the effort even when the prospects for success seemed dim. These and other factors are recognized to support enhancement of fee awards in the Fourth Circuit. The Court also finds that an adequate attorneys' fee award in this case will

further the purposes of the DPPA as one of the remedies Congress provided the Court might award pursuant to 18 U.S.C. § 2724 to sanction violations of the Act.  While an award of statutory liquidated damages on a class-wide basis would be draconian and, given the limited insurance coverage, ultimately futile, awarding enhanced fees based on application of accepted factors is reasonable and appropriate to further the purposes of the Act.

For these reasons and the reasons stated on the record at the September 11, 2015 hearing of this matter, and for the additional reasons stated in Plaintiffs' Motion for Fees and attendant briefs, the Court finds that enhancement of the award of fees in this case is appropriate. The Court, exercising its discretion, finds that enhancement of the Lodestar by application of a multiplier of 1.2 will provide for a reasonable fee under the circumstances of this case.

Based upon the proof presented, and in the exercise of the Court's discretion, the Court determines the following Lodestar for Plaintiffs' counsel:

- o Gary L. Compton, Esq.:    $    223,875  fees  $  2,634.47   expenses
- o Neal & Harwell, PLC:    $  1,608,325   fees  $ 57,142.04   expenses
- o Sidley Austin, LLP:    $   702,385.25  fees $  25,507.07   expenses
- o J. Gregory Studemeyer, Esq.: $  103,400   fees  $ 2,392.97   expenses

**TOTAL LODESTAR**  $2,637,985.25 fees   $87,676.55 expenses

In the exercise of the Court's discretion, the Court further finds that an enhancement of the Lodestar is appropriate in this matter, and that a multiple of 1.2 times the Lodestar results in a reasonable fee award in this case.  With the proviso that, pursuant to the Settlement Agreement, only that portion of the total enhanced award not in excess of Defendants' remaining insurance limits will be collected by Plaintiffs' counsel, the Court awards Plaintiffs' counsel as reasonable attorneys' fees a total of $ 3,165,582.30, and expenses a total of $87,676.55.

IT IS SO ORDERED.

DATED: _14 Sept 2015_

GRAHAM C. MULLEN
SENIOR UNITED STATES DISTRICT JUDGE